UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

_____

RENSSELAER POLYTECHNIC INSTITUTE,
                             Plaintiff

-against-                                       Civil Action No.: 1:15-CV-1475 (FJS/TWD)
                                                         Complaint
                                                         JURY TRIAL DEMANDED

GOKHAN BAYKAL
                               Defendant.
_____

Plaintiff, Rensselaer Polytechnic Institute, complaining of the defendant in the above-entitled action, by Heslin Rothenberg, Farley & Mesiti. P.C., its attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trademark/servicemark infringement and unfair competition under various provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, for state common law trademark/servicemark infringement, for trademark/servicemark dilution under N.Y. Gen. Bus. Law § 360-l, for deceptive trade practice under N.Y. Gen. Bus. Law § 349, and for use of name with intent to deceive under N.Y. Gen. Bus. Law § 133.

2. This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 and over the state claims pursuant to 28 U.S.C. § 1367. This Court has the power to order cancellation of a trademark registered by the United States Patent and Trademark Office (USPTO) under Section 37 of the Lanham Act, 15 U.S.C. § 1119.

3. This Court has personal jurisdiction over the parties.

4. Venue is proper in the Northern District of New York pursuant to 28 USC §1391.

## PARTIES

5. Rensselaer Polytechnic Institute, (hereinafter "RPI"), is and at all relevant times herein has been a non-profit educational corporation organized and operating under the laws of the State of New York having its principal offices at 110 Eighth Street, City of Troy and State of New York.

6. Upon information and belief, Gokhan Baykal, who appears to be doing business under the name "Pizza DaVinci" ("Defendant"), runs a for-profit business that sells pizza and runs an educational program it advertises as "Rensselaer Pizza Institute (RPI)" allegedly "to educate and train individuals who want to learn how to make hand tossed brick oven pizza from scratch." Defendant sells its pizza and operates its Rensselaer Pizza Institute, which it refers to as "Rensselaer Pizza Institute (RPI)," "RPI," and "Rensselaer Pizza Institute," on its premises at 187 Hoosick Street, City of Troy and State of New York.  Defendant is the owner of the trademark federally registered under Registration No. 470845.

## BACKGROUND FACTS

**RPI and Its Use of the RPI Marks and the Rensselaer Marks**

7. RPI is commonly known, both nationally and internationally, by the names "RPI," "Rensselaer," and "Rensselaer Polytechnic Institute."

8. On or about May 28, 1982, RPI filed the service mark "RPI" on the principal register of the United State Patent and Trademark Office (USPTO), which assigned Registration No. 1261985 to the mark.

9. RPI, under its "RPI" mark, provides educational services, namely classroom and seminar courses of instruction at the college, graduate and professional levels.

10. RPI first used its "RPI" mark in commerce on or about January 1, 1861.

11. In addition to Registration No. 1261985 for its initial "RPI" mark, RPI has built a family of registered trademarks on the principal register that RPI operates under when providing goods and services in commerce under the aforementioned commonly used versions of its name: RPI, Rensselaer, and Rensselaer Polytechnic Institute. (A copy of the certificate of registration for Registration No. 1261985 is attached as Exhibit 1.) RPI's registered marks include marks that include the word "RPI" (hereinafter "the RPI Marks"), and marks that include the word "Rensselaer," (hereinafter "the Rensselaer Marks").

12. RPI owns the right, title and interest in and to several federally registered trademarks that include the RPI Marks family of marks and the Rensselaer Marks family of marks. (The RPI Marks and the Rensselaer Marks are collectively referred to as the "RPI Registered Marks," and copies of the certificates of registration of the examples of these marks discussed below are attached as Exhibits 2–9.)

13. The RPI Marks include: Registration No. 1341534, registered June 11, 1985 (first use in commerce of November 30, 1982), for "Entertainment Services-Namely, Conducting Ice Hockey Contests " (Exhibit 2); Registration No. 4099829, registered February 14, 2012 (first use in commerce December 12, 2011) for "Technological research services in the field of science, namely, biology, chemistry, chemical biology, computer science, information technology, earth and environmental science, lighting, mathematical science, physics, applied physics, astronomy, nanotechnology, cognitive science, psychology, communications science, arts and communications science, philosophy, electronic arts, electronic media, games and simulation, design and innovation; Technological research services in the field of engineering, namely, biomedical engineering, chemical engineering, biological engineering, civil engineering, environmental engineering, decision sciences and engineering systems, electrical, computer and

systems engineering, material science and engineering, mechanical aerospace engineering, and nuclear engineering; Technological research services in the field of architecture, namely, building and urban design, technology and building science, architectural lighting, computation design, and acoustics" (Exhibit 3); and Registration No. 3890308, registered December 14, 2010 (first use in commerce of May 23, 1875), for "arranging and conducting intercollegiate and intramural athletic events; arranging and conducting intercollegiate athletic programs in the nature of sports training services" (Exhibit 4).

  14. The Rensselaer Marks include marks where the only word is "RENSSELAER," such as: Registration No. 3969543, registered May 31, 2011 (first use is commerce March 1988), for "Business management research services in the field of economics and ecological economics, technological entrepreneurship, information systems management, management of business production and operations, and business finance information; business management research," "Educational services, namely providing courses at the college, graduate and professional levels; research in the field of education featuring the humanities, arts and social sciences, and "Research and design services in the fields of science, engineering and architecture" (Exhibit 5); Registration No. 3907348, a logo containing the word, registered January 18, 2011 (first use in commerce August 24, 2009) for "arranging and conducting intercollegiate and intramural athletic events; arranging and conducting intercollegiate athletic programs in the nature of sports training services" (Exhibit 6); Registration No. 3890310, registered December 14, 2010 (first use in commerce in 1912) for "arranging and conducting intercollegiate and intramural athletic events; arranging and conducting intercollegiate athletic programs in the nature of sports training services" (Exhibit 7); Registration No. 3834373, registered August 17, 2010 (first use in commerce October 10, 1987) for "Business management research services in the field of

economics and ecological economics, technological entrepreneurship, information systems management, management of business production and operations, and business finance information," "Educational services, namely, providing courses at the college, graduate and professional levels," and "Research services in the field of science, namely, biology, chemistry, chemical biology, computer science, information technology, earth and environmental science, lighting, mathematical science, physics, applied physics, astronomy, nanotechnology, cognitive science, psychology, communications science, arts and communications science, philosophy, electronic arts, electronic media, games and simulation, design and innovation; Research services in the field of engineering, namely, biomedical engineering, chemical engineering, biological engineering, civil engineering, environmental engineering, decision sciences and engineering systems, electrical, computer and systems engineering, material science and engineering, mechanical aerospace engineering, and nuclear engineering; Research services in the field of architecture, namely, building and urban design, technology and building science, architectural lighting, computation design, and acoustics; Scientific design of new products in the field of science, namely, biology, chemistry, chemical biology, computer science, information technology, earth and environmental science, lighting, mathematical science, physics, applied physics, astronomy, nanotechnology, cognitive science, communications science, arts and communications science, electronic arts, electronic media, games and simulation, scientific design of management information systems; Scientific design in the field of engineering, namely, biomedical engineering, chemical engineering, biological engineering, civil engineering, environmental engineering, decision sciences and engineering systems, electrical, computer and systems engineering, material science and engineering, mechanical aerospace engineering, and nuclear engineering; Scientific design in the field of architecture, namely, building and urban

design, technology design, architectural lighting design, computation design, and acoustics design," (Exhibit 8).

15. The Rensselaer Marks also include the mark "RENSSELAER POLYTECHNIC INSTITUTE," which RPI applied to register on December 23, 2009, though RPI began using the mark in commerce starting around November 23, 1851, for "Business management research services in the field of economics and ecological economics, technological entrepreneurship, information systems management, management of business production and operations, and business finance information," and "Educational services, namely, providing courses at the college, graduate and professional levels."  RPI was assigned Registration No. 3834375 by the USPTO for its "RENSSELAER POLYTECHNIC INSTITUTE" mark (Exhibit 9).

16. As a result of its long experience, care and skill in providing superior educational services, RPI has distinguished itself as one of the elite educational institutions among the colleges and universities in America.

17. RPI and its RPI Registered Marks have not only become famous nationally and internationally, but also have acquired an extensively acclaimed reputation for excellence among all colleges and universities.

18. RPI's success in building its international reputation for academic excellence has enabled it to attract students from throughout the world to RPI's Troy, New York campus.

19. RPI has spent and continues to spend large sums of money in the promotion, advertisement and sale of its goods and services under its "RPI" and "Rensselaer" families of trademarks, and by reason of such advertising and the high quality of its services carrying such trademarks, RPI enjoys a valuable goodwill and an enviable reputation with respect to its trademarks and, in particular, the services associated therewith.

20. RPI, under certain of the RPI Registered Marks, sells various food options, including pizza, to its campus community, which largely resides in and around the City of Troy, New York.

**Defendant and its Unauthorized Use of the RPI Marks and the Rensselaer Marks**

21. Upon information and belief, on or about November 20, 2013, Defendant filed an application with the USPTO to register the mark "RPI" for "Fast-food restaurant services." On December 5, 2014, Defendant filed a Statement of Use supported by a specimen to evidence use of the mark. The Statement of Use included the statement, "The mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 03/01/2014, and first used in commerce at least as early as 03/01/2014, and is now in use in such commerce. The applicant is submitting one specimen for the class showing the mark as used in commerce on or in connection with any item in the class, consisting of a(n) Snapshot from our website www.thepizzadavinci.com." The USPTO registered this mark on March 17, 2015, and assigned it Registration No. 4704845. (The file wrapper for Registration No. 4704845 is attached as Exhibit 10.) The domain thepizzadavinci.com is registered to Defendant. (The whois.com domain registration record for this domain is attached as Exhibit 11.)

22. Upon information and belief, on or about November 22, 2013, Defendant contacted Jessica Otitigbe, Senior Communication Specialist at RPI, by telephone, to inquire as to whether RPI would object to Defendant changing the name "Pizza DaVinci" to "Rensselaer Pizza Institute," based on Defendant's business being from the RPI community.

23. RPI responded promptly to Defendant's inquiry with a letter dated November 22, 2013 from Charles F. Carletta, Secretary of the Institute, objecting to the use of the name "Rensselaer Pizza Institute," and asserting RPI's rights in the RPI Registered Marks, including

the RPI Marks and the Rensselaer Marks, as well as its common law rights to its name and derivations thereof.

24. Upon information and belief, on or about November 22, 2013, Defendant began advertising "Rensselaer Pizza Institute" and "Rensselaer Pizza Institute (RPI)" on its website, and made plans to include these designations in print advertising, and in signage on the premises of 187 Hoosick Street, Troy, New York.  Defendant described a "Rensselaer Pizza Institute" and "Rensselaer Pizza Institute (RPI)," on his website as an educational service, namely, "a unique program to educate and train individuals who want to learn how to make hand tossed brick oven pizza from scratch," and claimed it was "founded in 2012 with the goal of bringing the pizza making in USA to the next level."

25. Upon information and belief, on or about November 22, 2013, Defendant began positioning the name "Rensselaer Pizza Institute" together with the name "Pizza DaVinci" on his website, at https://pizzadavinci.ordersnapp.com/home, such that a consumer would see both names when placing an order for pizza.  (Screenshots of webpages from this website are attached as Exhibit 12.)

26. Defendant has incorporated certain of the RPI Registered Marks into the advertising and services offered by Defendant in such a substantial fashion that Defendant is clearly using RPI's RPI Marks and Rensselaer Marks.

27. Defendant's "Rensselaer Pizza Institute" mark, "Rensselaer Pizza Institute (RPI)" mark, and "RPI" mark are so similar to the RPI Registered Marks and so closely imitate the RPI Registered Marks that there is a substantial likelihood that customers of RPI or Defendant have been confused and will continue to be confused as to the origin of Defendant's marks and whether Defendant is associated with RPI.

28. Defendant adopted its "Rensselaer Pizza Institute" mark, its "Rensselaer Pizza Institute (RPI)" mark, and its "RPI" mark with the intention of capitalizing on the RPI Registered Marks.

29. On information and belief, since at least November 23, 2012, Defendant, under the marks "Rensselaer Pizza Institute," "Rensselaer Pizza Institute (RPI)," and "RPI" has been marketing and selling pizza and educational services related to pizza making in the vicinity of the RPI campus to students enrolled in classes at RPI and others in the Capital District of New York market place.

30. Defendant has incorporated certain of the RPI Registered Marks into its own mark in a manner that is likely to confuse students enrolled at RPI and others who may mistakenly conclude that Defendant, operating under the names "Rensselaer Pizza Institute," "Rensselaer Pizza Institute (RPI)," and "RPI," is associated with RPI.

31. Defendant has used and continues to use the RPI Registered Marks after the RPI Registered Marks were made famous in the Capital Region of New York State commercial market.

32. Defendant's incorporation of the RPI Registered Marks into its own marks causes the distinctive quality of RPI's RPI Registered Marks to become diluted.

33. Defendant has had and continues to have bad faith intent to profit commercially from the RPI Registered Marks.

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

34. RPI repeats and reasserts all allegations in Paragraphs 1 through 33 as if they were stated in full herein.

35. Defendant has used in commerce, without RPI's consent, reproductions, counterfeits, copies or colorable imitations of the RPI Registered Marks in connection with the sale, offer for sale, distribution and/or advertising of its products and services, such use being likely to cause confusion, to cause mistake, or to deceive.

36. The actions of Defendant described in this Count constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's actions have caused, and, unless enjoined by this Court, will continue to cause serious and irreparable injury to RPI, for which RPI has no adequate remedy at law.

37. The actions of Defendant described in this Count have also caused damage to RPI, for which RPI should be compensated by Defendant.

## COUNT II – FALSE DESIGNATIONS OF ORIGIN UNDER 15 U.S.C. § 1125(a)

38. RPI realleges and incorporates by reference Paragraphs 1-37 of this Complaint as if fully set forth herein.

39. Defendant has, without RPI's consent, on or in connection with products and services, used in commerce a word, term, name, symbol, device, or any combination thereof which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection and/or association of Defendant with RPI and its products and services bearing the RPI Registered Marks, and/or as to the origin, sponsorship, and/or approval by RPI of Defendant's unauthorized goods and services.

40. The actions of Defendant described in this Count constitute false designations of origin in violation of 15 U.S.C. § 1125(a). Defendant's acts have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to RPI for which RPI has no adequate remedy at law.

41. The acts of Defendant described in this Count have also caused damage to RPI for which RPI should be compensated by Defendant.

### COUNT III – TRADEMARK DILUTION
### UNDER 15 U.S.C. § 1125(c)

42. RPI realleges and incorporates by reference Paragraphs 1-41 of this Complaint as if fully set forth herein.

43. RPI has extensively and continuously promoted and used the RPI Registered Marks both in the United States and throughout the world, and the marks have thereby become famous and well-known symbols of RPI's goods and services.

44. As a result of at least one hundred and fifty (150) years of continuous and substantial use, as well as significant amounts of advertising and sales, including sales of goods and services, the RPI Registered Marks are famous trademarks within the meaning of § 43(c) of the Lanham Act, and such marks became famous before Defendant's use of "Rensselaer Pizza Institute," "Rensselaer Pizza Institute (RPI)" and "RPI" in connection with its goods and services.

45. Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of the RPI Registered Marks by eroding the public's exclusive identification of these famous marks with RPI, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

46. Defendant has caused and will continue to cause irreparable injury to RPI's goodwill and business reputation, and dilution of the distinctiveness and value of RPI's famous and distinctive RPI Registered Marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV – COMMON LAW
## TRADEMARK INFRINGEMENT

47.   RPI realleges and incorporates by reference Paragraphs 1-46 of this Complaint as if fully set forth herein.

48.   In addition to its registered marks, RPI has used the marks RPI, Rensselaer and Rensselaer Polytechnic Institute under common law and has accrued common law rights in the same well prior to Defendant's use of Rensselaer Pizza Institute.

49.   Defendant's actions complained of herein constitute trademark infringement under common law, for which RPI is entitled to relief.

## COUNT V – TRADEMARK DILUTION
## UNDER N.Y. GEN. BUS. LAW § 360-l

50.   RPI realleges and incorporates by reference the allegations contained Paragraphs 1-49 of this Complaint as if fully set forth here.

51.   Defendant's activities have created and continue to create a likelihood of injury to the public image and reputation of RPI, and to dilute the distinctive quality of the RPI Registered Marks and all rights held thereunder, in violation of the General Business Law of the State of New York.

52.   By reason of the foregoing, Defendant has violated and continues to violate N.Y. GEN. BUS. LAW § 360-l.

53.   Such conduct on the part of Defendant had caused and will continue to cause irreparable injury to RPI, for which RPI has no adequate remedy at law.

54.   Such conduct on the part of Defendant has caused and will continue to cause damages to RPI in an amount to be determined.

## COUNT VI -DECEPTIVE TRADE PRACTICES
## UNDER N.Y. GEN. BUS. LAW § 349

55. RPI realleges and incorporates by reference the allegations contained Paragraphs 1-54 of this Complaint as if fully set forth here.

56. In the course of his business, Defendant has wrongfully and deceptively engaged in consumer-oriented unfair trade practices that are misleading in a material way, and that cause injury to RPI and the public.

57. Defendant's activities and use of Rensselaer Pizza Institute misleads consumers regarding the relationship, affiliation or sponsorship between RPI and Defendant and the origin of Defendant's services.

58. Defendant's unfair deceptive business practices involve conduct directed at consumers and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers.

59. Defendant's activities are willful and have been undertaken in bad faith.

60. Defendant's willful activities constitute deceptive acts and practices causing harm and injury to the public at large, as well as RPI, in violation of N.Y. GEN. BUS. LAW § 349.

61. Defendant's conduct is causing immediate and irreparable injury to RPI and to its goodwill and reputation and will continue both to damage RPI and deceive the public unless enjoined by this Court.

62. Plaintiff has no adequate remedy at law and is entitled to injunctive relief. Plaintiff is further entitled to recover Defendants' trebled profits, Plaintiff's costs, and Plaintiff's reasonable attorneys' fees pursuant to N.Y. GEN. BUS. LAW § 349.

## COUNT VI – USE OF NAME WITH INTENT TO DECEIVE
## UNDER N.Y. GEN. BUS. LAW § 133

63. RPI realleges and incorporates by reference the allegations contained Paragraphs 1-62 of this Complaint as if fully set forth here.

64. Defendant's use of the names "Rensselaer" and "RPI" misleads consumers regarding the identity of Defendant by suggesting a relationship, affiliation or sponsorship between RPI and Defendant, when no such relationship, affiliation or sponsorship exists.

65. Defendant's conduct is causing immediate and irreparable injury to RPI and is entitled to injunctive relief pursuant to N.Y. GEN. BUS. LAW § 133.

WHEREFORE, Plaintiff RPI prays:

a) that Defendant be found to have infringed RPI's rights in the RPI Registered Marks and that Defendant be found liable on each of the causes of action enumerated in this Complaint;

b) that the Court exercise its powers under Section 37 of the Lanham Act, 15 U.S.C. § 1119 to cancel Defendant's Registration No. 470845 based upon the aforementioned facts set forth herein and at least because RPI has prior use for the RPI Registered Marks and common law trademarks, there is a likelihood of confusion as to the origin of Defendant's marks and whether Defendant is associated with RPI, "RPI" is a well-known and famous mark, and Defendant registered the mark in bad faith in an attempt to capitalize on the valuable goodwill and enviable reputation of RPI;

c) that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from using the designation Rensselaer Pizza Institute and otherwise

infringing the RPI Registered Marks, and from engaging in false designation of origin in any other manner;

        d)      that Defendant, its officers, directors, employees, agents and affiliated entities, and all persons in active participation or concert with Defendant, be preliminarily and permanently enjoined from using the designation Rensselaer Pizza Institute and any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the RPI Registered Marks;

        e)      that Defendant be required to deliver up and/or to destroy any and all products infringing the RPI Registered Marks in its possession, as well as all labels, literature, and advertisements bearing the marks, together with any means for producing same;

        f)      that Defendant be ordered to provide an accounting of all profits derived from its sales of goods in connection with the acts complained of herein, and to pay such profits, or such greater sum as this Court deems just and proper, to RPI;

        g)      that Defendant be ordered to pay damages to RPI adequate to compensate RPI for the acts described in this Complaint, or, upon RPI's election, statutory damages, that such damages be trebled, and that Defendant be ordered to pay RPI its reasonable attorneys' fees; and

        h)      that RPI have such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff Rensselaer Polytechnic Institute demands a trial by jury.

Respectfully submitted,

   /s/ Nicholas Mesiti
Nicholas Mesiti, Esq.
Rachel L. Pearlman, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, NY 12203
(518) 452-5600

*Attorneys for Plaintiff Rensselaer Polytechnic Institute*